**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1714-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOCELYN LEZIN,

     Defendant-Appellant.

_____

Submitted January 6, 2020 – Decided January 21, 2020

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 07-02-0319.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jocelyn Lezin appeals from an order denying his first post-conviction relief (PCR) petition without an evidentiary hearing. Because we agree with the Law Division judge that the petition is time-barred, and otherwise conclude defendant failed to establish a prima facie ineffective assistance of counsel claim, we affirm.

I.

In December 2007, defendant pleaded guilty to third-degree distribution of heroin, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(13), pursuant to a plea agreement with the State. In exchange for defendant's plea, the State agreed to recommend dismissal of two other third-degree drug offenses and the imposition of a probationary sentence conditioned on a 364-day jail sentence. The State further agreed not to seek an extended term of imprisonment or a period of parole ineligibility. In response to "Question No. 17" on his plea form, which asked, "[d]o you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?," defendant indicated "YES."

On February 15, 2008, the court sentenced defendant in accordance with the plea agreement. Defendant did not file a direct appeal. Defendant's presentence investigation report reflected that he had five prior municipal court

2

convictions and a 2007 indictable conviction for third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1), for which he received a probationary sentence.

On November 28, 2016, more than eight years after his guilty plea and sentencing, defendant filed a PCR petition lacking any factual support for his request for relief. Following assignment of counsel, defendant filed a certification asserting he agreed to the 2007 plea agreement but did not know at the time his conviction "would later result in deportation proceedings against" him. He claimed his plea counsel "did not explain the deportation consequences of taking the plea deal" or "discuss the implications of entering into a guilty plea . . . especially considering [he is] not a citizen of the United States." Defendant further asserted the court did not inquire about his "legal status in the country," "talk about deportation consequences," or advise him of his right to seek PCR. He claimed that "[b]ut for [his] attorney's advice, [he] would not have taken the plea deal," and that his plea counsel was ineffective by lacking the competence required to provide advice about the immigration consequences of his plea; by failing to advise him to confer with immigration counsel; and by not requesting an adjournment of the plea proceeding so he could confer with immigration counsel.

3

Following oral argument, the court issued a detailed written opinion denying defendant's petition. The court found the petition is time-barred under Rule 3:22-12(a)(1) because it was filed more than five years after defendant's 2008 conviction, and defendant failed to demonstrate either excusable neglect for the late filing or the interests of justice require relaxation of the time-bar. The court rejected defendant's claim he did not become aware of the potential immigration consequences of his plea until 2016, when he first received a notice of deportation. The court found defendant was aware of the risk of deportation associated with his conviction because he responded affirmatively to "Question No. 17" on the plea form, which advised that his conviction could result in deportation. The court noted defendant testified during his plea proceeding that he had reviewed the plea form with his attorney.

Although the court determined the PCR petition is time-barred, it also addressed the merits of defendant's ineffective assistance of counsel claim. The court found that under the law applicable at the time of defendant's plea, his counsel was not ineffective by failing to provide advice concerning the immigration consequences of his plea. The court further determined defendant failed to demonstrate an entitlement to withdraw his plea. See State v. Slater,

198 N.J. 145, 156 (2009). The court entered an order denying defendant's petition. This appeal followed.

Defendant presents the following arguments for our consideration:

POINT ONE

THIS MATTER SHOULD BE REVERSED AND REMANDED TO THE PCR COURT FOR AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM TRIAL COUNSEL TO DETERMINE WHY HE FAILED TO REQUEST AN ADJOURNMENT FOR HIS CLIENT TO SPEAK WITH AN IMMIGRATION LAWYER PRIOR TO PLEADING GUILTY AND TO DETERMINE THE SUBSTANCE OF HIS ADVICE TO DEFENDANT REGARDING DEPORTATION.

POINT TWO

THE PCR COURT ERRED IN FAILING TO FIND EXCUSABLE NEGLECT EXISTED FOR DEFENDANT'S LATE FILING AS HE WAS NOT ADVISED REGARDING THE TIME FRAME TO APPLY FOR RELIEF.

II.

A PCR petition must be filed within five years of the entry of the judgment of conviction unless the defendant demonstrates "excusable neglect" for missing the deadline and that "enforcement of the time[-]bar would result in a fundamental injustice." R. 3:22-12(a)(1). A petition may also be filed within one year of "the courts recogniz[ing] a new constitutional right or defendant

5

discover[ing] a previously unknown factual predicate justifying relief from the conviction." State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013) (citing R. 3:22-12(a)(2)). The time-bar should be relaxed only "under exceptional circumstances." State v. Afanador, 151 N.J. 41, 52 (1997).

Defendant filed his petition more than eight years after he was convicted in 2008. He claims there was excusable neglect permitting the late filing of his petition because he was not informed about, and was otherwise unaware of, the procedural requirements for filing a PCR claim. Defendant's claimed lack of familiarity with the procedural requirements for the filing of a PCR petition is insufficient to support a finding of excusable neglect. State v. Murray, 315 N.J. Super. 535, 539-40 (App. Div. 1998), aff'd as modified on other grounds, 162 N.J. 240, 246 (2000). "Ignorance of the law and rules of court does not qualify as excusable neglect," State v. Jackson, 454 N.J. Super. 284, 295 n.6 (App. Div.) (quoting State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82, 84 (App. Div. 2003)), certif. denied, 236 N.J. 35 (2018), and an otherwise untimely PCR petition "is time-barred if it does not claim excusable neglect, or allege the facts relied on to support that claim," State v. Cann, 342 N.J. Super. 93, 101-02 (App. Div. 2001) (citing State v. Mitchell, 126 N.J. 565, 577 (1992)); see also State v. Norman, 405 N.J. Super. 149, 159 (App.

Div. 2009) ("[T]o overcome the procedural bar in [Rule] 3:22-12, defendant must show that the delay in filing the PCR petition was attributable to excusable neglect.").

Defendant also failed to establish a reasonable probability that enforcement of the time-bar would result in a fundamental injustice. R. 3:22-12(a)(1)(A). There is a fundamental injustice "when the judicial system has denied a 'defendant with fair proceedings leading to a just outcome' or when 'inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice.'" State v. Nash, 212 N.J. 518, 546 (2013) (quoting Mitchell, 126 N.J. at 587). Thus, to satisfy the fundamental-injustice prong of the Rule 3:22-12(a)(1)(A) standard, a defendant "must make 'some showing' that an error or violation 'played a role in the determination of guilt.'" Id. at 547 (quoting State v. Laurick, 120 N.J. 1, 13 (1990)). Defendant made no such showing here.

The PCR court correctly determined defendant's certification in support of his petition does not establish either excusable neglect or that enforcement of the Rule 3:22-12(a)(1) time-bar would result in a fundamental injustice. See Mitchell, 126 N.J. at 576-77 (finding a PCR "petition itself must allege the facts

relied on to support the claim"). We therefore affirm the court's denial of the PCR petition because it is time-barred.

After correctly finding defendant's petition was time-barred, the PCR court also considered the merits of defendant's claim his plea counsel provided constitutionally ineffective assistance. The judge found defendant did not establish a prima facie case of ineffective assistance of counsel and an evidentiary hearing was not required. Defendant argues the judge erred in doing so. We disagree.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal matter the right to the effective assistance of counsel. Nash, 212 N.J. at 541 (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)). To show that he or she was denied the effective assistance of counsel, a defendant must meet the two-part test established in Strickland. Id. at 542.

The defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. In addition, the defendant "must show that the deficient performance prejudiced the defense." Id. at 687.

The defendant therefore must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

When a defendant claims ineffective assistance of counsel in connection with the entry of a guilty plea, he or she must show that counsel's assistance was outside "the range of competence demanded of attorneys in criminal cases," and that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (first quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973); then quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (alteration in original)).

Defendant argues his plea counsel did not inform him about the immigration consequences of his plea. Defendant entered his plea in 2007 and was convicted and sentenced in 2008, prior to the United State Supreme Court's holding in Padilla v. Kentucky, 559 U.S. 356, 374 (2010), that when deportation is a clear consequence of a guilty plea, the defendant's counsel has an affirmative duty and obligation to address the subject and give correct advice. The Court also held that when the deportation consequences of a plea are uncertain, counsel need only advise his or her client that the plea may carry a risk of adverse

immigration consequences.  Ibid.

Our Supreme Court later held that Padilla established a new rule of law, which would not be applied retroactively.  State v. Gaitan, 209 N.J. 339, 373 (2012).  The United States Supreme Court thereafter reached the same conclusion.  Chaidez v. United States, 568 U.S. 342, 358 (2013).  Thus, even assuming the deportation consequences of defendant's plea were clear when defendant entered his plea in 2007, his attorney's failure to provide the advice later required by Padilla did not constitute ineffective assistance of counsel.

In State v. Nuñez-Valdéz, 200 N.J. 129, 141-42 (2009), our Supreme Court held that a defendant could establish ineffective assistance of counsel if the defendant's counsel provided false or inaccurate advice assuring that the plea would not result in deportation.  However, a defendant's claim of ineffective assistance of counsel fails when he does not present any evidence of misadvice and the defendant had been on notice of the potential immigration consequences of the plea.  Gaitan, 209 N.J. at 374-75.

Here, the record supports the judge's finding that the plea form defendant testified he reviewed with his counsel and signed explained that he may be deported as the result of his conviction.  Defendant does not assert his plea counsel provided any affirmatively inaccurate, false, or misleading information

A-1714-18T1

about the immigration consequences of his plea, see Nuñez-Valdéz, 200 N.J. at 143, even though defendant was not told that deportation was mandatory, see Brewster, 429 N.J. Super. at 397 (explaining that under Nuñez-Valdéz, warning a defendant he or she may be deported was not unreasonable advice or outside the norms of the profession and did not constitute prima facie proof of ineffective assistance of counsel). Thus, defendant did not establish his counsel's performance "fell below an objective standard of reasonableness" as required under the first prong of the Strickland standard. Strickland, 466 U.S. at 687-88.

Defendant also failed to establish prejudice under the second prong of the Strickland standard because he did not demonstrate a reasonable probability that but for his counsel's alleged errors, he would have rejected the negotiated plea arrangement and proceeded to trial. DiFrisco, 137 N.J. at 457. Defendant was also required to show "it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla, 559 U.S. at 372).

Defendant failed to present any facts showing it would have been rational for him to reject the plea offer, and he probably would have done so. His petition

and certification simply do not address the issue, other than with the bald assertion that if he had been accurately informed about the immigration consequences of his plea, he would have rejected the plea and gone to trial. His bald, conclusory allegations do not satisfy his burden. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (finding that "bald assertions" are insufficient to sustain a defendant's burden of establishing a prima facie case of ineffective assistance of counsel under the Strickland standard).

The record also does not support a finding it would have been rational for defendant to reject the plea offer and proceed to trial. It appears the State had a strong case against defendant. He was arrested in a hotel room where more than 250 bags of heroin were seized. The police also arrested two individuals they observed separately enter the hotel room and then exit; both of the individuals were found to be in possession of heroin. Defendant's codefendant, with whom he was arrested in the hotel room, told the police she let individuals into the room, and defendant sold heroin to them. Moreover, at the time he pleaded guilty, defendant was serving a probationary sentence for a prior possession of controlled dangerous substance charge. By pleading guilty, defendant obtained a probationary sentence conditioned only on service of a jail sentence; avoided a prison sentence of up to five years on the distribution of heroin charge, see

12

N.J.S.A. 2C:43-6(a)(3) (providing a sentencing range of three to five years on a conviction for a third-degree crime); and obtained the State's commitment not to request imposition of a period of parole ineligibility. In sum, defendant makes no showing that given those circumstances, it would have been rational to forego the plea offer and proceed to trial, and he probably would have done so. Maldon, 422 N.J. Super. at 486.

A petitioner must establish both prongs of the Strickland standard to obtain a reversal of the challenged conviction. Strickland, 466 U.S. at 687; Nash, 212 N.J. at 542. A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700. In addition, because defendant failed to establish a prima facie case for PCR, he was not entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 354 (2013); State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION